IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**ERIC DANIEL COGGINS**                                                                             **PETITIONER**

**VERSUS**                                                    **CIVIL ACTION NO. 2:10-cv-233-KS-MTP**

**KEVEN FORTAINBERRY, Sheriff**                                       **RESPONDENT**

**MEMORANDUM OPINION AND ORDER**

On September 24, 2010, Petitioner filed a request for a writ of habeas corpus, however he failed to pay the required filing fee or file a request to proceed as a pauper. Therefore, on September 27, 2010, an Order [2] was entered directing the Petitioner to either pay the $5.00 filing fee or file a completed *in forma pauperis* application, on or before October 18, 2010. The Petitioner was warned in this Court's Order of September 27, 2010, that failure to keep this Court informed of his current address or failure to timely comply with the requirements of the Order would lead to the dismissal of his petition. The Petitioner failed to comply with the Court's Order. On October 22, 2010, the envelope [4] containing the Order [2] of September 27, 2010, was returned by the postal service with the notation "return to sender - refused - unable to forward."

On November 3, 2010, an Order [5] was entered directing Petitioner to show cause, on or before November 18, 2010, why this case should not be dismissed for his failure to comply with the Court's Order [2] of September 27, 2010. In addition, Petitioner was directed to comply with the Court's previous Order [2], by filing a completed *in forma pauperis* application or by paying the required $5.00 filing fee, no later than November 18, 2010. The Order [5] to show cause clearly warned Petitioner that failure to keep this Court informed of his current address or failure to timely comply with the requirements of the Order would lead to the dismissal of his petition

without further notice.  Petitioner has not complied with the order [5] to show cause.

Petitioner has failed to comply with two court orders and he has not contacted this Court since September 24, 2010.  This Court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*.  *See generally Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  *Link*, 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the court.  *Id*. at 629-30.

The Court concludes that dismissal of this action for Petitioner's failure to prosecute and failure to comply with the Orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper.  Since the Respondent has not been called on to respond to the petition, and the Court has not considered the merits of Petitioner's claims, the Court's Order of dismissal is without prejudice.  *See Munday/Elkins Auto. Partners, LTD. v. Smith*, 201 Fed. Appx. 265, 267 (5th Cir. 2006).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED, this the 4th day of January, 2011.

                                        *s/Keith Starrett*
                                        UNITED STATES DISTRICT JUDGE